UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. 3:24-cv-00845

| | | |
|---|---|---|
| KENNETH DEAL, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT CITY OF MONROE'S** |
| | ) | **OPPOSITION TO PLAINTIFF'S** |
| | ) | **MOTION FOR PRELIMINARY** |
| v. | ) | **INJUNCTION AND DEFENDANT'S** |
| | ) | **MOTION TO DISMISS PLAINTIFF'S** |
| THE CITY OF MONROE, a North | ) | **COMPLAINT** |
| Carolina municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

NOW COME Defendant City of Monroe (hereinafter "Defendant"), by and through undersigned counsel, and respond to Plaintiff's Motion for Preliminary Injunction. For the reasons set forth below, Plaintiff's Motion should be denied, and Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**NATURE OF THE MATTER BEFORE THE COURT**

This matter arises from a vote by the City of Monroe City Council on August 13, 2024, to remove Plaintiff as a member of the Board of Adjustment. (DE 1, ¶ 2). Plaintiff was appointed to the Board of Adjustment in December 2020 for a seat that expired on December 31, 2023. (DE 1, ¶ 18). He was reappointed as Chairman of the Board of Adjustment in December 2023 for a term that would expire on December 31, 2026. (DE 1, ¶ 19). However, at the regular meeting of the City Council on August 13, 2024, Councilman Kerr made a motion to remove Plaintiff from the Board of Adjustment. (DE 1, ¶¶ 26-27). The City Council then voted to remove Plaintiff five-to-two. (DE 1, ¶ 30).

Plaintiff filed this action on September 18, 2024. (DE 1). Plaintiff claims a violation of 14 U.S.C. § 1983 against Defendant for a violation of the Fourteenth Amendment. (DE 1, ¶¶ 41-48). The Plaintiff also seeks a declaratory judgment that the City of Monroe Municipal Ordinance § 32.201(E) is void and unenforceable because it conflicts with N.C.G.S. § 160D-302(a); that the City of Monroe Municipal Ordinance § 32.201(E) is unconstitutional to the extent that it empowers the City to terminate membership on the Board of Adjustment at the Council's pleasure; that the City violated Plaintiff's procedural due process rights when it terminated his membership without cause and without notice or opportunity to be heard; and that the City Council's decision to remove Plaintiff from the Board is void and that Plaintiff is entitled to reinstatement. (DE 1, ¶ 53).

Plaintiff filed a Motion for Preliminary Injunction and a Temporary Restraining Order on September 19, 2024. (DE 3). On September 19, 2024, the Court issued an order denying the Temporary Restraining Order and set the matter for hearing on Plaintiff's Motion for Preliminary Injunction. (DE 4). Defendant now responds to Plaintiff Motion and requests that it be denied and that Plaintiff's Complaint be dismissed because Plaintiff has failed to plead as a matter of law that Defendant deprived him of any constitutional rights to due process. Additionally, the Plaintiff can neither make a clear showing of irreparable harm or that the injunction would be in the public interest.

**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED**

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689, 123 S. Ct. 2207 (2008) (quotation and citation omitted). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in

the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L.Ed.2d 249 (2008); *see also League of Women Voters of N. Carolina v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014).

In short, Plaintiff's motion should be denied for two primary reasons. First, Plaintiff cannot succeed on the merits. His removal by the City Council did not violate his constitutional procedural due process rights because he did not have a property interest in his position as a member of the City of Monroe Board of Adjustment. The Board of Adjustment is a board that the City of Monroe chose to establish. Under North Carolina State Law, the City is not required to form a Board of Adjustment. The Ordinance that provided for Plaintiff's appointment is found in the City of Monroe Code of Ordinances, which states that although members of the Board of Adjustment serve a term of three years, they ultimately serve at the pleasure of the City Council.

Second, Plaintiff cannot prove he is likely to suffer irreparable harm because the injuries of which he complains rely on having a property interest in his position as a Board of Adjustment member, which he does not have, and any harm is pure speculation.

## A. The Plaintiff is not likely to succeed on the merits because he did not have a property interest in his board of adjustment membership.

In order to succeed on his claim, Plaintiff must show that he suffered a deprivation of property without due process by proving that (1) a cognizable property interest existed, (2) he was deprived of that interest by state action, and (3) that there were constitutionally inadequate procedures. *Kendall v. Balcerzak,* 650 F.3d 515, 528 (4th Cir. 2011).

A property interest is created when a person has "a legitimate claim of entitlement to [a benefit.]" *Bd. of Regents of State Clls. v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972). If an individual has a property interest in their position of employment, then that position cannot be taken away without cause and they must be given notice and opportunity to be heard. *See e.g.,*

*Stephens v. Dowell,* 181 S.E. 629, 632, 208 N.C. 555 (1935). A set term can create a property interest such that the person holding that position cannot be removed without cause and without notice and opportunity to be heard. *See e.g., id.*

However, here, the Plaintiff does not have a protected property interest in his membership on the Board of Adjustment. Plaintiff's constitutional claims are premised entirely on the notion that Section 160D-302 of the North Carolina General Statutes requires a term of three years for members of any board of adjustment. *See* (DE 1, ¶ 51). Accordingly, Plaintiff argues that he could not be removed from the Board of Adjustment except for cause and with notice and opportunity to be heard. (DE 1, ¶ 44). However, the Supreme Court of North Carolina expressly rejected this argument as it relates to a municipal board of adjustment in *Board of Adjustment of Town of Swansboro v. Town of Swansboro,* 432 S.E.2d 310, 334 N.C. 421 (1993).

In *Swansboro*, the Supreme Court of North Carolina held that the North Carolina General Statute that permit municipalities to create boards of adjustment (N.C. Gen. Stat Ann.§160D-302)[1] does not mandate that members serve a three-year term. *Bd. of Adjustment of Town of Swansboro v. Town of Swansboro*, 432 S.E.2d 310, 313, 334 N.C. 421, 425 (1993). In that case, the Town of Swansboro formed a board of adjustment under North Carolina General Statute Section 160D-302 and later abolished the Board entirely, re-established it, and appointed new members via ordinance. 432 S.E.2d at 312, 334 N.C. at 424. Former members, whose terms were cut short as a result of the ordinance changes, argued that because the North Carolina General Statute Section 160D-302 states that members on the board of adjustment serve three-year terms, the statute mandates a three-year term. 432 S.E.2d at 313, 334 N.C. at 425. The North Carolina Supreme Court rejected this

---

[1] N.C. Gen. Stat. §§ 160A-360 to 160A-459.1 were repealed on July 11, 2019. North Carolina's planning and development regulation statutes are now set forth in N.C. Gen. Stat. Ann. §§ 160D-1-1 to 160D-1405. N.C. Gen. Stat. §§ 160D-302 effective as of June 19, 2020

argument outright. *Id.*

Section 160D-302 of the North Carolina General Statutes states that "[a] local government **may** by ordinance provide for the appointment and compensation of a board of adjustment consisting of five or more members, each to be appointed for three-year terms." N.C. Gen. Stat. Ann. § 160D-302. Notably, the statute is silent as to removal for any members. *See id.* In *Swansboro,* the supreme court emphasized the importance of the term "*may*" in the statute. 432 S.E.2d at 313, 334 N.C. at 426.

Under the North Carolina General Statute Section 160A-146, "city council may create, change, abolish, and consolidate offices, positions, departments, boards, commissions, and agencies of the city government in order to promote orderly and efficient administration of city affairs." N.C. Gen. Stat. Ann. § 169A-146. Thus, the supreme court in *Swansboro* reasoned that the city council could abolish a board entirely if the board was not required under state law. 432 S.E.2d at 313, 334 N.C. at 426. Accordingly, because "the establishment of a board of adjustment is not required by law, . . . pursuant to N.C.G.S. § [160D-302, the city council] ha[d] the authority to abolish a board of adjustment." *Id.* This concept stems back to *Mial v. Ellington*, 46 S.E. 961, 971, 134 N.C. 131 (1903), when the North Carolina Supreme Court ruled that "it is entirely within the power of the Legislature to deal with [legislative offices] as public policy may suggest and public interest may demand."

The City of Monroe chose to create a Board of Adjustment in the City of Monroe Code of Ordinances, Section 32.070. Terms and appointments for membership on the Board of Adjustment are regulated in Section 32.071. Monroe, N.C., Code § 32.071. Code Section 32.071 states that members "shall be appointed by City Council" and "shall be appointed for three-year staggered terms expiring on December 31." *Id.* § 32.071. Section 32.201 then provides the "General

Provisions" for Chapter 32: Boards, Commissions, and Departments. *Id.* § 32.201. In the subsection providing information on terms, the Code states "all members serve at the pleasure of City Council and may be removed at any time with or without cause at the discretion of City Council." *Id.* § 32.201(E). The Code also states that chairs and vice-chairs "of all boards . . . shall serve at the pleasure of the Council." *Id.* § 32.201(B).

The North Carolina Supreme Court stated that the entire Board of Adjustment could be abolished via amendment to ordinances so long as those ordinances were properly adopted. *Bd. of Adjustment of Town of Swansboro v. Town of Swansboro*, 432 S.E.2d 310, 314, 334 N.C. 421, 427 (1993). Here, the City of Monroe already had properly adopted ordinances that stated all board members serve at the pleasure of City Council. Thus, Plaintiff did not have a property interest because his term was not fixed under the City of Monroe Code of Ordinances. As a result, his removal from the Board of Adjustment did not violate his constitutional right and his claim must fail.

Not only should Plaintiff's Motion for a Preliminary Injunction be denied, since Plaintiff lacked a property interest in his membership on the Board of Adjustment, his claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**B. Plaintiff cannot make a clear showing that he will suffer irreparable harm in the absence of an injunction.**

Courts use four factors to determine if a plaintiff is entitled to a preliminary injunction and not all are weighted equally. *See Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994). "The 'balance of hardships' reached by comparing the relevant harms to the plaintiff and defendant is the most important determination, dictating, for example, how strong a likelihood of success showing the plaintiff must make." *Id.* (citation omitted). Importantly, a plaintiff must demonstrate a "clear showing of irreparable harm as a condition for the grant of a

preliminary injunction[.]" *Direx Israel, Ltd. v. Breakthrough Med. Corp*., 952 F.2d 802, 812 (4th Cir. 1991). A plaintiff has the burden of proving a "clear showing of immediate irreparable injury." *Id.* Plaintiffs must demonstrate some link between their constitutional challenge and the irreparable injuries they claim. *See Manning v. Hunt,* 119 F.3d 254, 265 (4th Cir. 1997).

In *Winter v. National Resources Defense Council, Inc*., the Supreme Court made clear that the mere possibility of irreparable harm is not sufficient. 555 U.S. 7, 21, 129 S. Ct. 365, 375 (2008). Rather, a plaintiff must establish that an irreparable injury is likely to occur in the absence of an injunction. *Id.* The Court found that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22, 376 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, (1997)).

Plaintiff claims that he will suffer irreparable harm in three ways: (1) a continuing violation of his constitutional rights, (2) the inability to enjoy the full term of his appointment, and (3) the City will moot Deal's claim against the City for reinstatement to office by appointing a successor. (DE 3-1, 12). As discussed above, Plaintiff has suffered no violation of his constitutional rights because he lacked a property interest in his membership on the Board of Adjustment and, as such, is not entitled to a full three-year term.

As to Plaintiff's contention that his claim may become moot in the even that a successor is appointed, the City has not done so and this is precisely the type of mere "possibility" argument that the Supreme Court rejected and deemed "too lenient" in *Winter*. 555 U.S. 7, 22, 129 S. Ct. 365, 375 (2008). Ultimately, a plaintiff seeking a preliminary injunction must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* (internal citations omitted). Plaintiff's only contention is that the City merely could appoint a successor at a regular or special

meeting. (DE 3-1, 14). He has failed to show that he is "likely to suffer irreparable harm before a decision on the merits can be rendered." 555 U.S. at 22, 129 S. Ct. at 375 (internal citations omitted). Accordingly, "a preliminary injunction [should not] be issued simply to prevent the possibility of some remote future injury." *Id.* (internal citations omitted).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion for Preliminary Injunction be DENIED and that Plaintiff's Complaint be dismissed under Federal Rule of Civil Procedure 12(b)(6).

This the 26th day of September, 2024.

CRANFILL SUMNER LLP


BY: /s/ *Patrick H. Flanagan*
Patrick H. Flanagan, NC Bar #17407
Attorney for Defendant
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2024, I electronically filed the foregoing

***DEFENDANT CITY OF MONROE'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT*** with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the following counsel of record:

Bo Caudill
Sophia M. Pappalardo
**Villmer Caudill**
bocaudill@villmercaudill.com
sophiapappalardo@villmercaudill.com

                    CRANFILL SUMNER LLP


        BY:     /s/ *Patrick H. Flanagan*
                Patrick H. Flanagan, NC Bar #17407
                Attorney for Defendant
                P.O. Box 30787
                Charlotte, NC 28230
                Telephone (704) 332-8300
                Facsimile (704) 332-9994
                phf@cshlaw.com