UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00845-FDW-DCK

| | |
|---|---|
| KENNETH DEAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF MONROE, A NORTH )<br>CAROLINA MUNICIPAL )<br>CORPORATION, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Kenneth Deal's Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. (Doc. No. 3). This matter has been fully briefed, (Doc. Nos. 3, 7), and the Court held a hearing on September 27, 2024, during which each side provided additional arguments. This matter is ripe for ruling. For the reasons set forth below, Plaintiff's Motion for Preliminary Injunction is DENIED.

**I. FINDINGS OF FACT**

This matter arises from Plaintiff's removal from the Monroe, North Carolina Board of Adjustment by City Council vote. (Doc. No. 3-1, p. 2.) The City Council appointed Plaintiff to the Board of Adjustment in December 2020 and reappointed him to a second term in December 2023.[1] (Id. at 1–2.) Because Board of Adjustment members cannot serve more than two consecutive terms of three years each, N.C. Gen. Stat. § 160D-302(a); Monroe City Code § 32.071(B), Plaintiff could not have been reappointed after his second term ended.

---

[1] The Board of Adjustment is "a quasi-judicial body responsible for the disposition of applications for special use permits or variances and appeals from municipal administrative bodies, including City Code Enforcement." (Doc. No. 3-1, p. 2.)

1

During the City Council's August 13, 2024, meeting, Councilman James Kerr made a motion to remove Plaintiff from the Board of Adjustment. (Doc. No. 3-1, p. 2.) The motion passed 5-2, removing Plaintiff from his position on the Board of Adjustment. (Id. at 2–3.) Plaintiff did not attend the August 13 meeting, and the meeting agenda did not mention him. (Id. at 2.) Plaintiff does not know why he was removed, as Councilman Kerr declined to provide a reason for his motion. (Id. at 2–3.)

At this time, the City of Monroe is soliciting applications to fill Plaintiff's seat on the Board of Adjustment. (Id. at 3.) The City Council can fill Plaintiff's seat at any regular or special meeting. (Doc. No. 3, p. 2.)

On September 18, 2024, Plaintiff filed the present lawsuit alleging a claim for deprivation of Fourteenth Amendment procedural due process under 42 U.S.C. § 1983 and a claim for declaratory judgment. (Doc. No. 1.) Plaintiff also moved for a temporary restraining order and a preliminary injunction. (Doc. No. 3.) The Court denied Plaintiff's motion for a temporary restraining order and set a hearing on Plaintiff's motion for a preliminary injunction. (Doc. No. 4.) Plaintiff seeks an order enjoining the City of Monroe from enforcing the City Council's vote removing him from office and ordering that he be restored to the Board of Adjustment. (Doc. No. 3, p. 1.)

## II. STANDARD OF REVIEW

"A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017). To obtain a preliminary injunction, a plaintiff must show: (1) a likelihood of success on the merits; (2) a strong prospect of irreparable harm if the injunction is not granted; (3) the balance of equities favors the movant; and (4) an injunction is in the public's interest. Winter

v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). A party's failure on any element precludes injunctive relief from issuing. See Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth., 771 F.3d 201, 207 (4th Cir. 2014). The moving party bears the burden of "clearly establish[ing]" that such "extraordinary" relief should issue. Di Biase, 872 F.3d at 230; Winter, 555 U.S. at 24. The court must "separately consider each Winter factor" to determine whether each has been "satisfied as articulated." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated on other grounds, Citizens United v. FEC, 558 U.S. 310 (2010), aff'd, Real Truth About Obama, Inc. v. FEC, 607 F.3d 355 (4th Cir. 2010) (per curiam). "Ultimately, a plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court." Hebb v. City of Asheville, 655 F. Supp. 3d 388, 393 (W.D.N.C. 2023).

### III. CONCLUSIONS OF LAW

Because a party's failure on one element precludes the issuance of an injunction, see Cantley, 771 F.3d at 207, the Court addresses only the issue of irreparable harm. Plaintiff contends he will suffer three forms of irreparable harm without a preliminary injunction: he will face an ongoing violation of his constitutional rights, which constitutes irreparable harm per se; he will not be able to enjoy his full term of appointment; and the City will moot his claim for reinstatement by replacing him, forcing him to bring a quo warranto action.

A plaintiff seeking a preliminary injunction must "demonstrate that irreparable injury is *likely* in the absence of an injunction." Winter, 555 U.S. at 22. A showing of the "possibility of irreparable harm" is not sufficient. Id. Instead, a plaintiff "must make a clear showing of irreparable harm . . . and the required irreparable harm must be neither remote nor speculative, but actual and imminent." Talleywhacker, Inc. v. Cooper, 465 F. Supp. 3d 523, 542 (E.D.N.C. 2020) (quoting Scotts Co. v. United Indus. Corp., 315 F.3d 264, 283 (4th Cir. 2002)). "Generally, harm is

3

irreparable where it cannot later be cured by a monetary award." Doe v. Univ. of N. Carolina Sys., No. 1:23-cv-00041-MR, 2023 WL 8246155, at *5 (W.D.N.C. Nov. 28, 2023).

In the context of constitutional violations, "a plaintiff's claimed irreparable harm is 'inseparably linked' to the likelihood of success on the merits." Cap. Associated Indus., Inc. v. Cooper, 129 F. Supp. 3d 281, 297 (M.D.N.C. 2015) (quoting WV Ass'n of Club Owners and Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009)). "[T]he denial of a constitutional right, *if denial is established*, constitutes irreparable harm . . . ." Ross v. Meese, 818 F.2d 1132, 1135 (4th Cir. 1987) (emphasis added). However, "merely asserting a constitutional claim . . . 'is insufficient to automatically trigger a finding of irreparable harm.'" Cap. Associated Indus., Inc., 129 F. Supp. 3d at 296 (quoting KM Enters., Inc. v. McDonald, No. 11-cv-5098-ADS-ETB, 2012 WL 540955, at *3 (E.D.N.Y. Feb. 16, 2012)).

Here, Plaintiff has not clearly established that he is likely to suffer irreparable harm without an injunction. Plaintiff's contentions that he will not be able to serve his full term of office and that the City will moot his claim for reinstatement by replacing him are merely possibilities of harm. Plaintiff asserted at the hearing that he is harmed when the Board of Adjustments meets and he cannot participate, but Plaintiff does not allege that he has missed any Board of Adjustment meetings. Plaintiff also asserts that he will be forced to bring a quo warranto action if he is replaced, but the City has not yet appointed a replacement. Thus, these forms of harm are possibilities of harm that are not sufficient to establish irreparable harm for a preliminary injunction. Additionally, Plaintiff's contention that he will suffer irreparable harm in the form of a violation of his constitutional rights raises issues of state law that state courts have not interpreted. See N.C. Gen. Stat. § 160D-302(a); Monroe City Code § 32.071(B).

## IV. CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion. However, the Court intends to assign this case to the fast track as that is defined in this Court's standing orders. The Court DIRECTS Defendant to file an answer as soon as possible, even if it is accompanied by a motion to dismiss.[2] The Court also DIRECTS the parties to conduct the Initial Attorneys Conference as soon as possible after the responsive pleading is filed and to file the Rule 26(f) report no later than October 28, 2024, so that a case management order can promptly issue.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that:

a. Defendant is DIRECTED to file an answer as soon as possible, even if it is accompanied by a motion to dismiss;

b. The Parties are DIRECTED to file the Rule 26(f) report no later than October 28, 2024.

**IT IS SO ORDERED.**

Signed: September 30, 2024

Frank D. Whitney
United States District Judge

---

[2] The Court recognizes that Defendant's Response included a motion to dismiss. (Doc. No. 7.) However, the Court declines to rule on the motion to dismiss until that issue is fully briefed.